ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| HEIDIE CALERO CALERO<br><br>RECURRENTE<br><br>v.<br><br>JUNTA DE DIRECTORES DEL CONDOMINIO MONTEBELLO Y SU PRESIDENTE LUIS QUIROGA CONSEJO DE TITULARES DEL CONDOMINIO MONTEBELLO, REPRESENTADO POR EL PRESIDENTE LUCAS QUIROGA, ALBERTO CUPELES, JULIE POWELL-ADMINISTRADOR<br><br>RECURRIDOS | **KLRA202400432** | Solicitud de Revisión Administrativa ante el Departamento de Asuntos al Consumidor (DACO)<br><br>Querella núm. C-SAN-2023-0016061<br><br>Sobre: CONDOMINIOS |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y Prats Palerm.

Bonilla Ortiz, Juez Ponente

**<u>SENTENCIA</u>**

En San Juan, Puerto Rico, a 21 de noviembre de 2024.

Comparece ante este foro la Sra. Heidie Calero Calero (señora Calero o "la recurrente") y nos solicita que revisemos una *Resolución Sumaria* emitida por el Departamento de Asuntos del Consumidor (DACo), que fue notificada el 10 de julio de 2024. Mediante esta, el DACo declaró *Ha Lugar* la *Querella*. En consecuencia, ordenó a la Junta de Directores del Condominio Montebello (Junta de Directores), el Consejo de Titulares del Condominio Montebello, el Sr, Alberto Cupeles y la administradora del Condominio, la Sra. Julie Powell ("la parte recurrida") a entregar ciertos

documentos, excepto los nombres, firmas, direcciones, correos electrónicos y direcciones de correo postal de los titulares del condominio que obraban en el registro de titulares.

Por los fundamentos que se exponen a continuación, **REVOCAMOS** la *Resolución* recurrida.

## I.

El 7 de septiembre de 2023, la señora Calero presentó una *Querella* ante el DACo en contra de la Junta de Directores del Condominio Montebello, el Consejo de Titulares del Condominio Montebello, el Sr, Alberto Cupeles y la Sra. Julie Powell.[1] En específico, alegó lo siguiente:

> Desde enero 2023, he solicitado acceso a información financiera y de otro tipo de la Junta de Directores de Condominio Montebello donde resido y no me han dado acceso. Solicito: nombre, firma, dirección de correo electrónico y dirección postal de quienes comprenden la comunidad de titulares del Condominio Montebello; (2) Grabación de asamblea ordinaria de diciembre 22, 2022; (3) Copia de todo contrato de servicios de mantenimiento y conservación que se haya otorgado entre el 1 de enero de 2023 y esta fecha; (4) Copia de la carta a la gerencia de Condominio Montebello del auditor sobre los estados financieros del Condominio Montebello correspondientes al año fiscal 2021; y (5) informe de ingresos y gastos mensuales del Condominio comparado con presupuesto mensual YTD año calendario 2023. (enero 2023 al presente).

En la misma fecha, el DACo notificó la *Querella*, a la cual se le asignó el número C-SAN-2023-0016061.[2] Así las cosas, el 8 de septiembre de 2023, la señora Calero remitió un correo electrónico a la Sra. Mildred López Pérez, directora regional del DACo, en la cual solicitó

---

[1] *Querella*, Anejo I, págs. 1-13 del apéndice del recurso.
[2] *Querella*, Anejo I, págs. 1-3 del apéndice del recurso.

ayuda para tener acceso a información financiera y registro de titulares del Condominio Montebello.[3]

Examinados los argumentos de la recurrente, el 5 de diciembre de 2023, el DACo notificó su *Resolución Sumaria*.[4] En primer lugar realizó las siguientes determinaciones de hecho:

1. La querellante es titular del apartamento I-317 del Condominio Montebello mediante Escritura de Compraventa de Propiedad Hipotecada, otorgada el 12 de agosto de 1976 ante el notario Francisco Maldonado Alvira.

2. El Condominio Montebello está sometido al régimen de propiedad horizontal.

3. La querellante ha solicitado a la parte querellada que le permita examinar los siguientes documentos:

   a. grabación de asamblea ordinaria celebrada el 22 de diciembre de 2022.
   b. nombre, firma, dirección de correo electrónico y dirección de correo postal de los titulares.
   c. copia de todo contrato de servicios de mantenimiento desde enero de 2023 al presente.
   d. copia de la carta a la gerencia de Condominio Montebello del auditor sobre los estados financieros correspondientes al 2021.
   e. informe de ingresos y gastos mensuales comparado con el presupuesto anual YTD del 2023.

4. Al momento de la presentación de esta querella, la parte querellada no había dado a la querellante acceso a la información solicitada.

En vista de las determinaciones de hechos formuladas, el DACo ordenó a la parte recurrida a que, en el término de diez (10) días, contados a partir de la notificación de la *Resolución Sumaria*, pusiera a disposición de la señora Calero la documentación solicitada, excepto los

---

[3] Correos Electrónicos, Anejo II, págs. 14-15 del apéndice del recurso.
[4] *Resolución Sumaria*, Anejo III, págs. 16-20 del apéndice del recurso.

nombres, firma, dirección de correo electrónico y dirección de correo postal de los titulares. Apuntó que, de requerir que le entregasen copias, la parte recurrida podía cobrar una suma razonable previo a la entrega de los documentos. No obstante, enfatizó que los documentos podían ser enviados por métodos electrónicos para evitar gastos de ambas partes.

Inconforme, el 20 de diciembre de 2023, la recurrente presentó su *Moción Solicitando Reconsideración*.[5] En esencia, solicitó se le concediera acceso al registro de titulares del Condominio Montebello. Particularmente, solicitó acceso a los nombres, dirección de correo electrónico y correo postal de los titulares de dicho Condominio a los fines de convocar al Consejo de Titulares. Asimismo, presentó una *Moción Informativa y Reconsideración* en la cual reiteró su solicitud para tener acceso a nombres, correos electrónicos y correo postal para convocar al Consejo de Titulares.[6] Transcurrido el término correspondiente, el DACo no se pronunció respecto a la moción de reconsideración.

Así las cosas, el 5 de febrero de 2024, la señora Calero presentó una *Solicitud de Revisión Administrativa* ante este foro, a la cual se le asignó el alfanumérico KLRA202400056. En esta, solicitó se revocara la *Resolución Sumaria* del 5 de diciembre de 2023. En específico, formuló el siguiente señalamiento de error:

> Erró DACO al reconocer el derecho de la recurrente como titular del Condominio Montebello a conocer el nombre, dirección, dirección de correo electrónico y dirección de correo postal de los titulares de dicho

---

[5] *Moción Solicitando Reconsideración*, Anejo IV, pág. 21 del apéndice del recurso.
[6] *Moción Informativa y Reconsideración,* Anejo IV, pág.22 del apéndice del recurso.

condominio a los efectos de convocar una asamblea.

Atendido el recurso, el 8 de abril de 2024, un panel hermano notificó su *Sentencia*, en la cual desestimó el presente recurso por prematuro.[7] A su vez, devolvió el caso al DACo para que procediera conforme a derecho. Particularmente, concluyó que la *Resolución Sumaria*, únicamente fue notificada a la recurrente, el Consejo de Titulares y a la Sra. Julie Powell. Sin embargo, enfatizó que el DACo no le notificó el dictamen a la Junta de Directores ni al Sr. Alberto Cupeles. Así pues, resolvió que la notificación emitida por el DACo era una defectuosa, por lo que los términos para acudir en revisión a este Tribunal nunca comenzaron a transcurrir. Sostuvo que el DACo estaba obligado a notificar oportunamente a todas las partes. Por tanto, razonó que carecía de jurisdicción para atender el recurso incoado por la señora Calero y, procedía su desestimación al amparo de la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA XXII-B, R. 83.

Posteriormente, el 17 de mayo de 2024, la señora Calero presentó una Moción por *Derecho Propio Urgente* ante este Tribunal de Apelaciones.[8] Mediante esta, indicó que no habían notificado a las partes correspondientes conforme a la *Sentencia* del 8 de abril de 2024. Luego, el 11 de junio de 2024, la recurrente presentó una *Moción Solicitando Notificación Correcta a DACO*.[9] En esencia, apercibió a la agencia sobre los trámites procesales del caso. A su vez, reiteró que

---

[7] *Sentencia KLRA202400056*, Anejo V, págs. 22-80 del apéndice del recurso.
[8] Moción por *Derecho Propio Urgente,* Anejo VI, págs. 81-83 del apéndice del recurso.
[9] *Moción Solicitando Notificación Correcta a DACO*, Anejo VII, págs. 84-85 del apéndice del recurso.

existía un mandato del Tribunal de Apelaciones, el cual ordenó la notificación adecuada de la *Resolución Sumaria*.

Así las cosas, el 10 de julio de 2024, el DACo notificó nuevamente su *Resolución Sumaria*. El referido dictamen fue notificado a la señora Calero, el Sr. Alberto Cupeles, la Junta de Directores, la Sra. Julie Powell y el Consejo de Titulares. Además, reiteró las determinaciones de hechos y conclusiones de derecho de la *Resolución Sumaria* que se notificó el 5 de diciembre de 2023.

Aún inconforme, el 6 de agosto de 2024, la señora Calero presentó el recurso de revisión judicial de epígrafe. Mediante este, adujo que el DACO cometió el siguiente señalamiento de error:

> Erró el DACO al no reconocer el derecho de la recurrente como titular del condominio Montebello a conocer el nombre, dirección, dirección de correo electrónico, y dirección correo postal de los titulares de dicho condominio a los efectos de convocar una asamblea.

Por su parte, el 10 de septiembre de 2024, la parte recurrida presentó su *Alegato de la Parte Recurrida*. Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del asunto ante nuestra consideración.

## II.

### -A-

El Departamento de Asuntos del Consumidor fue creado mediante la Ley Núm. 5 de 23 de abril de 1973, conocida como la *Ley Orgánica del Departamento de Asuntos del Consumidor*, 3 LPRA sec. 341, *et seq*. Este fue creado con el propósito primordial de velar y establecer los derechos del consumidor y proteger los

intereses de los compradores. Art. 3 de la Ley Núm. 5, 3 LPRA sec. 341b. Asimismo, los poderes conferidos al Secretario de esa agencia están el atender, investigar y resolver las querellas presentadas por los consumidores de bienes y servicios adquiridos o recibidos del sector privado de la economía. Art. 6 de la Ley Núm. 5, 3 LPRA sec. 341e(c).

Con la intención de asegurar la solución justa, rápida y económica de las querellas presentadas ante o por el Departamento y proveer un procedimiento uniforme para su adjudicación, el 13 de junio de 2011 se aprobó el Reglamento Núm. 8034 de *Procedimientos Adjudicativos del DACO*. Regla 1 del Reglamento Núm. 8034. Estas reglas aplicarán a las investigaciones y los procedimientos administrativos sobre querellas iniciadas por consumidores, o por el Departamento. Regla 3 del Reglamento Núm. 8034.

–B–

La Ley Núm. 129 de 16 de agosto de 2020, *Ley de Condominios de Puerto Rico*, 31 LPRA sec. 1921 *et seq.*, dispone el ordenamiento jurídico sobre la gobernanza de los inmuebles sujetos al régimen de propiedad horizontal. En específico, dispone que, "el titular de un apartamento sometido al Régimen de Propiedad Horizontal tiene el derecho al pleno disfrute de su apartamento y de las áreas comunes, siempre que con ello no menoscabe el derecho de los demás titulares al disfrute de sus respectivas propiedades". Ley Núm. 129-2020, 31 LPRA sec. 1921a. A este estatuto, le siguen la escritura matriz y el reglamento del condominio de que se trate. *Con Tit. Centro Int'l Torre II v. PRCI*, 210 DPR 403, 413-414 (2022). La primacía del estatuto

implica que cualquier cláusula o regla claramente contraria a sus disposiciones sería nula. *Íd.*, pág. 414; *Brown III v. J.D. Cond. Playa Grande*, 154 DPR 225, 238-239 (2001). Del mismo modo, nuestro Tribunal Supremo ha resuelto que las disposiciones del estatuto especial son de carácter mandatorio y no supletorio. *Con Tit. Centro Int'l Torre II v. PRCI*, supra; *Condominio First Federal Savings v. LSREF Island Holdings*, 202 DPR 934, 940 (2019).

De otra parte, los Artículos 65 y 66 de la Ley de Condominios, así como la Regla 23 del Reglamento de Condominios, Reglamento Núm. 9386 de 6 de junio de 2022, conceden jurisdicción primaria y exclusiva al DACo para conocer y adjudicar acciones de impugnación que radiquen los titulares de un condominio en que haya al menos una unidad destinada a vivienda contra los acuerdos, omisiones, o actuaciones de la Junta de Directores, del administrador interino, del presidente y el secretario, concernientes a la administración del inmueble y su escritura matriz y reglamento. Ley Núm. 129-2020, 31 LPRA secs. 1923j-1923k; Reglamento de Condominios, Reglamento Núm. 9386 de 6 de junio de 2022.

Así pues, el Artículo 65 de la Ley de Condominios establece que estos acuerdos, omisiones, o actuaciones podrán ser impugnados por los titulares en los siguientes supuestos:

> a. cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;
>
> b. cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;
>
> c. cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido

previsible al momento de la compra. Art. 65 de la Ley Núm. 129-2020, *supra*.

En lo aquí pertinente, el Art. 32 de la Ley Núm. 129-2020 indica que, **como parte de la administración del inmueble, la ley exige que se efectúe un Registro de Titulares, el cual incluirá la siguiente información, a saber: el nombre, la firma, el número de teléfono, las direcciones de correo electrónico, postal y residencial de los titulares.** (Énfasis suplido). Ley Núm. 129-2020, 31 LPRA se. 1922d. Cónsono con lo anterior, el Art. 37 de la referida Ley establece lo siguiente:

> **La información recopilada en el Registro de Titulares se mantendrá protegida para usos estrictamente administrativos. Los titulares tendrán al menos acceso al nombre, dirección de correo electrónico y dirección postal de quienes comprenden la comunidad de titulares para fines de convocar al Consejo de Titulares.** Los titulares podrán autorizar a la Junta de Directores a ofrecer mayor información para los efectos de convocatoria por parte de un titular. Ley Núm. 129-2020, 31 LPRA sec. 1922i. (Énfasis suplido).

De otra parte, el Art. 50 de la Ley Núm. 129-2020, dispone lo siguiente:

> El Consejo de Titulares se reunirá por lo menos una (1) vez al año para aprobar el presupuesto anual y los estados financieros, y en las demás ocasiones que convoque el Director, el Presidente de la Junta de Directores, una mayoría de los miembros de la Junta de Directores, **o la quinta (1/5) parte de los titulares o un número de éstos cuyos apartamentos representen al menos el veinte por ciento (20%) de los porcentajes de participación en las áreas comunes.** La convocatoria por titulares requerirá notificación previa no menor a quince (15) días de la fecha seleccionada para la celebración de la asamblea. (Énfasis suplido).

> La convocatoria estará firmada por la persona o personas que convoquen e indicará los asuntos a tratar y hora, día y lugar de la reunión. Las citaciones se harán por escrito, entregándose en el apartamento perteneciente al titular que lo resida, por medio de carta que el sistema de correo pueda certificar su envío y por correo electrónico o por cualquier

otro medio, siempre que la administración pueda validar su envío en caso de cuestionarse por el titular, siempre dirigida a la dirección que a esos fines haya designado el titular al registrarse. Ley Núm. 129-2020, 31 LPRA sec. 1922v.

Por último, el inciso f del Art. 55 de la Ley Núm. 129-2020, expresa que el Secretario de la Junta de Directores,

> Custodiará y hará disponible para la revisión de los titulares que así lo soliciten, todo documento perteneciente al Consejo que obre en los archivos del condominio, tales como, pero sin limitarse a, documentos relacionados a la actividad fiscal del condominio, las actas de las asambleas del Consejo de Titulares, las actas de las reuniones de la Junta de Directores, y los contratos adjudicados. **No será hará disponible para la revisión de un titular, la información personal de los demás titulares, a menos que otro Artículo de esta Ley así lo permita, o que el titular haya previamente autorizado la divulgación de dicha información.** (Énfasis suplido). Ley Núm. 129-2020, 31 LPRA sec. 1923f.

## III.

En el caso de autos, la señora Calero argumenta que el DACo incidió al no reconocer su derecho como titular del condominio Montebello a conocer el nombre, dirección, dirección de correo electrónico, y dirección correo postal de los titulares de dicho condominio a los efectos de convocar una asamblea.

Surge del expediente ante nuestra consideración que, el 7 de septiembre de 2023, la recurrente presentó una *Querella* ante el DACo en la cual solicitó nombre, firma, dirección de correo electrónico y postal de los titulares del Condominio Montebello, entre otros documentos. No obstante, el 5 de diciembre de 2023, el DACo notificó su *Resolución Sumaria* mediante la cual no permitió el acceso a los nombres, firmas, direcciones de correo electrónico y postales de los titulares del condominio. Inconforme con la determinación del DACo,

el 20 de diciembre de 2023, la recurrente presentó su *Moción Solicitando Reconsideración* en la cual solicitó acceso a la información de los titulares a los fines de convocar al Consejo de Titulares. Tras varios trámites procesales, el 10 de julio de 2024, el DACo notificó correctamente su *Resolución Sumaria*. En esta, reiteró su determinación del 5 de diciembre de 2023.

Conforme el derecho antes expuesto, el Art. 55 de la Ley Núm. 129-2020, *supra*, dispone que la Junta de Directores no hará disponible para la revisión de un titular la información personal de los demás titulares, salvo que otro artículo así lo permita. Sin embargo, dicho Artículo especifica que, el titular puede tener acceso al nombre, dirección de correo electrónico y dirección postal de los demás titulares para fines de convocar al Consejo de Titulares.

Cabe precisar que, la recurrente no especificó en la *Querella* su propósito para tener acceso a la información de los titulares. No obstante, al presentar su *Moción Solicitando Reconsideración*, enfatizó que solicitó dicha información a los fines de convocar al Consejo de Titulares. Nótese que, el Art. 37 de la Ley Núm. 129-2020, *supra*, no establece un requisito adicional para obtener acceso a la información de los titulares.

El hecho de que las reuniones del Consejo de Titulares pueden ser convocadas por una quinta (1/5) parte los titulares no incide sobre la solicitud de la información que dispone el Art. 37 de la Ley Núm. 129-2020, *supra*. Entiéndase, el voto de una quinta (1/5) parte de los titulares es necesario para solicitar la reunión del Consejo de Titulares y, no cuando se solicita

la información de los demás titulares, con el propósito de reunir al Consejo. Así pues, colegimos que la señora Calero tenía derecho a obtener los nombres, direcciones de correo electrónico y correo postal de los titulares del Condominio Montebello, toda vez que, la información solicitada tenía como propósito convocar al Consejo de Titulares.

Por todo lo anterior, resolvemos que la determinación del DACo fue incorrecta. No podemos olvidar que, al desempeñar nuestra función revisora, estamos obligados a considerar la experiencia y el conocimiento especializado de las agencias administrativas. Sin embargo, consideramos que el DACo actuó arbitraria e irrazonable, por lo que su actuación constituyó un abuso de discreción. Así pues, colegimos que el error señalado por la recurrente se cometió y, que esta puede tener acceso a nombre, dirección, dirección de correo electrónico y dirección correo postal de los titulares del Condominio Montebello.

**IV.**

Por los fundamentos que anteceden, **REVOCAMOS** la *Resolución* recurrida y se devuelve el asunto al Departamento de Asuntos del Consumidor para que este de cumplimiento aquí ordenado.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones